UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TODD M.F., et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>SANTA CLARA COUNTY CENTRAL FIRE PROTECTION DISTRICT,, et al.,<br><br>                Defendants. | Case No. 25-cv-07308-VKD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS**<br><br>Re: Dkt. No. 3 |

Plaintiffs Todd M.F. (individually and on behalf of G.K.F.) and G.K.F. bring this lawsuit, alleging wrongful denial of health insurance coverage for treatment G.K.F. received at New Vision Wilderness Therapy. The complaint asserts claims for declaratory judgment, breach of contract, and violation of the Mental Health Parity and Addiction Equity Act, 29 U.S.C. § 1132. *See* Dkt. No. 1.

Now pending before the Court is plaintiffs' motion to proceed pseudonymously, i.e., by using their initials rather than their full names. Dkt. No. 3. Defendants United Healthcare Insurance Company, Santa Clara Central Fire Protection District, and the Santa Clara County Central Fire Protection District Welfare Benefit Plan have not yet appeared in this matter. Pursuant to Local Civil Rule 7-1(b), the Court finds that plaintiffs' motion is suitable for determination without oral argument. After reviewing plaintiffs' complaint and considering the arguments raised in their brief, the Court grants plaintiffs' motion for the reasons set forth below.

A defendant's due process right to confront an adversary and the public's right of access to judicial proceedings require that, in most cases, individuals filing lawsuits do so in their own names. *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042-43 (9th

1   Cir. 2010); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000); *see*
2   *also* Fed. R. Civ. P. 10(a)) (requiring that "[t]he title of every complaint must name all the
3   parties"). However, in the "unusual case when nondisclosure of the party's identity is
4   necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment,"
5   parties may use pseudonyms. *Advanced Textile Corp.*, 214 F.3d at 1067-68 (quotations and
6   citation omitted). A party may proceed anonymously when his or her "need for anonymity
7   outweighs prejudice to the opposing party and the public's interest in knowing the party's
8   identity." *Id.* at 1068. The Ninth Circuit has identified three circumstances where this may be the
9   case: "(1) when identification creates a risk of retaliatory physical or mental harm"; "(2) when
10  anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature";
11  and "(3) when the anonymous party is compelled to admit his or her intention to engage in illegal
12  conduct, thereby risking criminal prosecution." *Id.* at 1068 (cleaned up). District courts have
13  broad discretion to determine whether a plaintiff may proceed anonymously. *See id.*;
14  *Kamehameha Schools*, 596 F.3d at 1045-1046.

15  On the present record, permitting plaintiffs to proceed anonymously is warranted to
16  "preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile*, 214 F.3d
17  at 1068. According to the complaint, G.K.F. has been diagnosed with attention deficit
18  hyperactivity disorder, major depressive disorder, generalized anxiety disorder, parent-child
19  relational problem, and Autism Spectrum disorder, Level 1. Dkt. No. 1 ¶¶ 26, 28, 34, 40, 45. The
20  complaint further alleges that, among other behaviors, G.K.F. has engaged in acts of self-harm and
21  experienced serious suicidal ideation resulting in a period of hospitalization. *See id*. ¶¶ 37, 43-44.
22  Although no longer a minor,[1] plaintiffs state that G.K.F. is "still young" and that the issues and
23  events underlying this action began during G.K.F.'s childhood. Dkt. No. 3 at ECF 4; *see also* Dkt.
24  No. 1 ¶¶ 16, 18. Plaintiffs express concern about shame and stigma associated with the issues
25  G.K.F. has experienced, and state that it is "potentially injurious for G.K.F. to know that their
26  information is public" and "may discourage G.K.F. from seeking help in the future if they fear that

---

[1] Certain anonymity protections, i.e., proceeding by initials, automatically applies to minors. *See* Fed. R. Civ. P. 5.2(a).

1  their confidentiality is not protected." *Id*. Plaintiff Todd M.F., G.K.F.'s father, seeks leave to
2  proceed under his full first name and middle/last initials, stating that revealing his full name may
3  compromise G.K.F.'s anonymity. *See* Dkt. No. 3 at ECF 2; Dkt. No. 1 ¶ 2.
4        Defendants would not appear to be prejudiced if plaintiffs are allowed to proceed
5  pseudonymously. Plaintiffs' claims involve a dispute over health insurance coverage. The
6  complaint identifies defendants as the entities who provided the subject health insurance. *See* Dkt.
7  No. 1 ¶¶ 5-9. Plaintiffs plausibly state that defendants therefore already possess relevant
8  documentation and information regarding plaintiffs' full names. *See* Dkt. No. 3 at ECF 4. Nor is
9  it apparent that permitting plaintiffs to proceed pseudonymously would impede the public's
10 interest in access to the substance of this litigation, as there is no indication that plaintiffs'
11 identities will bear on the resolution of the issues in dispute.
12       In cases involving severe mental illness, courts have concluded that the plaintiffs' need for
13 anonymity outweighs any prejudice to the defendants and the public's interest in knowing the
14 plaintiffs' identities. *See, e.g., K.H.B. ex rel K.D.B. v. UnitedHealthcare Ins. Co.*, No. 18-cv-
15 04175-WHA, 2018 WL 4053457 (N.D. Cal. Aug. 24, 2018) (permitting plaintiff to use initials and
16 allowing father to use first full name and last initials in health insurance coverage dispute where
17 adult plaintiff, as a minor, had multiple suicide attempts and was diagnosed with several mental
18 illnesses); *see also, e.g., Doe v. City & Cnty. of San Francisco*, No. 25-cv-02976-AGT, 2025 WL
19 986470 (N.D. Cal. Apr. 2, 2025) (permitting plaintiff to proceed anonymously in civil rights
20 matter involving an involuntary mental health hold and institutionalization); *Doe v. United of*
21 *Omaha Life Ins. Co.*, No. 23-cv-02307-JST, 2023 WL 5919287 (N.D. Cal. Aug. 21, 2023)
22 (permitting plaintiff to proceed anonymously in health insurance coverage matter where complaint
23 alleged that plaintiff suffered from severe major depressive disorder, generalized anxiety disorder,
24 severe cannabis use disorder, opioid use disorder, and insomnia).
25       Accordingly, plaintiffs' motion is granted, and they may proceed using the pseudonymous
26 designations "Todd M.F." and "G.K.F." As defendants have not yet appeared in this action,
27 defendants may later file a motion to compel disclosure of plaintiffs' full names if they can make a
28 good faith showing of prejudice. *See City & Cnty. of San Francisco*, 2025 WL 986470, at *2; *Mt.*

1  *Diablo Unified Sch. Dist.*, No. 18-CV-02589-JSC, 2018 WL 2317804, at *2; *Advanced Textile Corp.*, 214 F.3d at 1069 ("We recognize that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses.").

**IT IS SO ORDERED.**

Dated: September 22, 2025

Virginia K. DeMarchi
United States Magistrate Judge

4